UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

────────────────────────────────────

DANA GARNER,

                              Petitioner,

        v.                                              9:10-CV-1406
                                                        (GTS)
SUPERINTENDENT,

                              Respondent.

────────────────────────────────────

APPEARANCES:                          OF COUNSEL:

DANA GARNER
09-B-3391
Petitioner, pro se
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

HON. ERIC T. SCHNEIDERMAN          LEILANI J. RODRIGUEZ, ESQ.
New York State Attorney General         Ass't Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

GLENN T. SUDDABY
United States District Judge

                    **DECISION and ORDER**

**I.      INTRODUCTION**

        Petitioner Dana Garner is incarcerated as the result of a 2009 judgment of conviction

in Oneida County Court.  Petitioner pleaded guilty to attempted second degree burglary (N.Y.

PENAL LAW § 110.00/140.25).  Dkt. No. 1, Petition ("Pet.") at 2.  He seeks a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) the county court lacked

jurisdiction; (2) his plea was induced by defense counsel's threats and misinformation; (3) counsel placed his own interests before petitioner's interests when he denied the truth of petitioner's version of events and attacked petitioner's credibility; and (4) counsel was ineffective.  Pet. at 7-8 (Grounds One through Four); Dkt. No. 7-1, Memorandum of Facts and Memorandum of Law ("Mem."), at 1-12; Dkt. No. 8, Supplement to Memorandum of Law ("Supp. Mem.") at 1-3.

On April 19, 2011, respondent filed an answer, memorandum of law and the relevant state court records.  Dkt. No. 12, Response; Dkt. No. 13, Respondent's Memorandum of Law, ("R. Mem."); Dkt. No. 14, State Court Records.[1]  Petitioner has filed a reply, a supplemental reply, and a supplemental affidavit.  Dkt. No. 17, Reply Brief; Dkt. No. 18, Supplemental Reply ("Supp. Reply"); Dkt. No. 29, Supplemental Affidavit ("Supp. Affidavit").  For the reasons that follow, the petition is denied and dismissed.


## II.    RELEVANT BACKGROUND

On May 21, 2009, a felony complaint was filed in Rome City Court accusing petitioner of committing second degree burglary (N.Y. PENAL LAW § 140.25 (2)).  Dkt. No. 14, Ex. D, Felony Complaint.  The complaint arose from petitioner's involvement in the February 21,

---

[1] The court does not have the plea or sentencing transcripts.  Respondent has informed the court that these proceedings were not transcribed because petitioner did not perfect his direct appeal.  R. Mem. at 3 n1.  Based upon a review of the records submitted by petitioner and respondent, the court finds that the current record suffices to resolve the petition.  Rule 5, Rules Governing Section 2254 Cases in the United States District Courts (providing that the respondent must submit state court records he or she considers relevant, that the court may order that parts of "untranscribed recordings be transcribed and furnished," and that if "a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence."); *Williams v. Ercole*, No. 1:09-CV-5169, 2010 WL 3785521 at *2 n. 1 (S.D.N.Y. Sept. 10, 2010).  The background information in this Decision and Order is based upon the state court records submitted by petitioner and respondent.

2009 burglary of a home belonging to Damon M. Parmeter in Rome, New York.  *Id*; Dkt. No. 14, Ex. A, Supporting Deposition of Damon Parmeter ("Parmeter Dep.").  A 42-inch television, a Playstation 3 gaming system, two Playstation 3 games, and an HDMI cord were removed from Parmeter's home.  Parmeter Dep.  On February 25, 2009, David A. Davis bought the 42-inch television from petitioner for $600.00.  Dkt. No. 14, Ex. B, Supporting Deposition of David Davis ("Davis Dep."); Ex. C, Supporting Deposition of Jason Davis.  Petitioner told Davis his landlord gave him the television as payment for work petitioner did for him.  Davis Dep.  Davis did not know the television was stolen.  *Id.*  Petitioner also made admissions to law enforcement.  Dkt. No. 14, Ex. O, Letter from Frank Nebush, Jr., Esq., to petitioner, dated Apr. 8, 2010 ("Nebush Letter"), at 1; Dkt. No. 7-1, Mem. at 1-5.

On July 13, 2009, petitioner signed a Memorandum of Understanding ("MOU") in which he accepted the prosecutor's offer to plead guilty to the reduced charge of attempted second degree burglary in exchange for a determinate sentence of five years in prison, followed by five years postrelease supervision.  Dkt. No. 1, MOU, Jul. 13, 2009; Nebush Letter.  He also agreed to be sentenced as a second violent felony offender, and waived speedy trial concerns "for a reasonable time," waived the right to have the case presented to the grand jury, and waived his right to appeal.  *Id.*  Sentencing was scheduled for mid-October 2009, and petitioner was permitted to remain free on his own recognizance until sentencing in order to complete a construction job.  *Id.*

On August 12, 2009, petitioner waived a felony preliminary hearing in Rome City Court and agreed to have his case transferred to the Oneida County Superior Court.  Dkt. No. 14, Ex. F, Divestiture to Superior Court; Nebush Letter at 2.  On August 31, 2009, petitioner pleaded guilty under the terms of the MOU, and he was sentenced on October 19, 2009, to

the agreed upon sentence.  Dkt. No. 14, Ex. I, Decision and Order, Donalty, J., Apr. 19, 2010 ("Decision I"), at 1.  On October 23, 2009, petitioner's counsel filed a timely notice of appeal, but to date petitioner has not perfected his direct appeal.  *Id.*; Dkt. No. 29, Decision and Order, Appellate Division, Fourth Department, Aug. 3, 2012.[2]

On February 22, 2010, petitioner filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10 in which he argued that: (1) Oneida County Court lacked jurisdiction when he pleaded guilty because he was arraigned in Rome City Court, a felony hearing was still pending there, and the waiver of his right to be indicted by a grand jury was signed in his attorney's office and not in open court; and (2) he pleaded guilty under duress because his attorney told him he faced up to fifteen years in prison if he did not accept the plea.  Dkt. No. 14, Ex. G, "Affidavit in Support of Motion to Vacate Judgment 440.10(a)(h)" at ¶¶ 5-17.  The prosecutor opposed the motion.  Ex. H, Affirmation, Steven G. Cox, Assistant District Attorney, Oneida County, Apr. 7, 2010.

On April 19, 2010, petitioner's section 440 motion was denied without a hearing. Decision I.  The court first denied the motion pursuant to CPL § 440.10(2)(b), because petitioner's claims were record-based and although petitioner filed a timely notice of appeal, he had not yet perfected his direct appeal.  *Id.* at 2.  Alternatively, the court rejected petitioner's claims that his plea was entered under duress, and that counsel was ineffective, on the merits.  *Id.* at 2-7.  First, the court found that petitioner "freely, knowingly and voluntarily agreed to waive" his rights, and admitted the factual allegations that formed the

---

[2]  Petitioner states that on August 8, 2012, he mailed a request to the Appellate Division for poor person status and for the appointment of counsel to represent him on his direct appeal.  Dkt. No. 29, Supp. Aff. at 2.  It is unclear what claims petitioner intends to raise in his appeal.

basis of the charge against him.  *Id.* at 2-3.  Petitioner was represented by counsel, informed of his rights on the record, and there was no "indication of duress and coercion on the record."  *Id.*  The court also noted that petitioner "had an opportunity to place sufficient facts on the record to provide a basis for appellate review" before sentencing, but that he failed to do so.  *Id.* at 3.

Next, the court found that counsel's representation of petitioner was "nothing other than effective and was more than meaningful."  Decision I at 3.  The court noted that the maximum sentence petitioner faced was fifteen years in prison if he was convicted of second degree burglary, and that his plea to the reduced charge of attempted second degree burglary, together with the negotiated five-year determinate sentence, was favorable to petitioner.  *Id.* at 4.  Finally, the court found that petitioner failed to show that but for counsel's alleged errors, he would not have pleaded guilty.  *Id.* at 5-6.

On May 10, 2010, petitioner sought leave to appeal the denial of his section 440 motion in the Appellate Division, Fourth Department.  Dkt. No. 14, Ex. J, "Notice of Application" and "Affidavit in Support of Motion Pursuant to C.P.L. 460.15."  In his affidavit, petitioner argued that the Oneida County Court lacked jurisdiction; the judgment was obtained in violation of his rights; the prosecutor failed to conduct a preliminary hearing in order to circumvent petitioner's rights; and the evidence was insufficient.  *Id.* at 1-2.  On June 22, 2010, the Appellate Division denied leave to appeal.  Dkt. No. 14, Ex. K, Order denying Leave to Appeal, Jun. 22, 2010.  Petitioner's application for permission to appeal to the New York Court of Appeals was dismissed on August 19, 2010 because the Appellate Division's order was not appealable.  Dkt. No. 14, Ex. L, Certificate Dismissing Application, Graffeo, J., Aug. 19, 2010.

On August 30, 2010, petitioner filed a second section 440 motion in which he argued that his plea was the product of counsel's threats and misinformation; that counsel placed his interests above petitioner's by denying the truth of petitioner's allegations and attacking petitioner's credibility; and counsel was ineffective for advising him to plead guilty when an investigation would have shown that there was no evidence to support the charges.  Dkt. No. 14, Ex. M, "Notice of Motion to Vacate Judgment 440.10" and "Affidavit in Support of Motion to Vacate Judgment."  On September 8, 2010, the state court denied the motion pursuant to CPL § 440.10(2)(b), again noting that petitioner "filed a timely Notice of Appeal within thirty days of the date of conviction," that he waived his right to appeal, and that section 440 motions were not substitutes for appeal.  Dkt. No. 14, Ex. N, Decision and Order, Donalty, J., Sept. 8, 2010 ("Decision II") at 2.  The court further found that petitioner was advised of his rights, "freely, knowingly and voluntarily agreed to waive them," and that he admitted "the factual allegations which form[ed] the basis for the charges in the indictment."  *Id.* at 2. Finally, the court rejected petitioner's ineffective assistance claims on the merits for substantially the same reasons set forth in the court's decision rejecting petitioner's first section 440 motion.  *Id.* at 2-4.  Petitioner did not seek permission to appeal the denial of his second section 440 motion.

This action followed.

**III.  DISCUSSION**

**A.  Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the adjudication of the claim (1)

was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 1400 (2011) (citing 28 U.S.C. §§2254(d)(1), (2)); *Premo v. Moore*, __ U.S. __,131 S. Ct. 733, 739 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  The AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011) (per curiam) (quoting *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)) (internal quotation marks omitted).  Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'"  *Schriro*, 550 U.S. at 473-74 (quoting § 2254(e)(1)).  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Id.* at 473.

### B.    The defective jurisdiction claims

In Ground One of his petition, petitioner claims that the Oneida County Court lacked jurisdiction to accept his plea because a felony preliminary hearing was still pending in Rome City Court and he did not waive his rights to a preliminary hearing or to have the case presented to a grand jury.  Pet. at 5, 7; Mem. at 6-9.  He further argues that although he signed a waiver of these rights on July 13, 2009, the waiver was signed in his attorney's office and not in open court.  Mem. at 6-8.

Petitioner raised his defective jurisdiction claims in his first section 440 motion.  Dkt. No. 14, Ex. G. The state court denied the claims under CPL §440.10(2)(b), which provides

that a court must deny a motion to vacate a judgment if that judgment "is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review" of the claim on direct appeal.  CPL § 440.10(2)(b); Decision I at 1-2.  The denial of a claim under CPL §440.10(2)(b) rests upon an independent and adequate state ground and this claim is therefore procedurally defaulted.  *Holland v. Irvin,* 45 F. App'x. 17, 20 (2d Cir. 2002); *McCormick v. Morrisey*, 770 F. Supp. 2d 556, 563 (W.D.N.Y. 2011); *Brown v. New York State*, 374 F. Supp. 2d 314, 318-19 (W.D.N.Y. 2005).

This claim may only be reviewed if petitioner demonstrates (1) good cause for the default and actual resulting prejudice; or (2) that the denial of habeas relief would leave unremedied a "fundamental miscarriage of justice," i.e., that he is actually innocent.  *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003); *McCormick*, 770 F. Supp. 2d at 563-64.  To establish cause, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule.  *Maples v. Thomas*, __U.S.__, 132 S. Ct. 912, 922 (2012); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

In an apparent attempt to establish cause, petitioner argues that this court must review his defective jurisdiction claim because the state court disposed of it without specifying if its decision rested on the merits or on a procedural bar.  Supp. Reply at 2-3.  The state court was clear, however, that petitioner's motion was denied in its entirety based upon CPL § 440.10(2)(b).  Decision I at 2.[3]  Additionally, in a letter filed August 15, 2012, petitioner

---

[3]  The fact that the state court explicitly reviewed the merits of his ineffective assistance of counsel claim in the alternative does not change that result.  *See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("Moreover, a state

8

appears to argue that he did not know counsel filed a timely notice of appeal until three years after his plea.  Dkt. No. 29, Supp. Affidavit at 1-2.  As petitioner notes, however, the Oneida County Court stated in its April 19, 2010, Decision and Order denying his first section 440 motion that petitioner filed a timely notice of appeal, and denied his section 440 motion because the claims raised in the motion could have been raised on direct appeal.  Dkt. No. 29, Supp. Affidavit at 1; Decision I at 1.  Petitioner is not excused from showing cause because he was proceeding pro se, or was unaware of the applicable procedure or law. *Faison v. McKinney*, No. 1:07-CV-8561, 2009 WL 4729931 at *11 (S.D.N.Y. Dec. 10, 2009) (stating that it is "well established that a pro se petitioner is not excused from showing cause merely because of his pro se status or ignorance of his rights.") (quoting *Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001) (collecting cases)); *Neff v. United States*, 971 F. Supp. 771, 774 (E.D.N.Y.1997) ("An appellant's ignorance of the law does not satisfy the cause and prejudice requirements necessary to excuse appellant's failure to seek relief on direct appeal.").  Since petitioner has failed to show cause for his procedural default, the court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray,* 477 U.S. at 496 (referring to the "cause-and-prejudice standard");*Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir.1985) (same).

Finally, petitioner appears to argue that it would be a "miscarriage of justice" to deny

---

court need not fear reaching the merits of a federal claim in an alternative holding.  By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

9

his petition because, if he were granted a hearing,[4] he could show that without his statement to police, the evidence was insufficient to prove that he committed a burglary.   Reply Brief at 3-4.  But petitioner pleaded guilty to attempted second burglary, and the state court found that he did so "freely, knowingly and voluntarily," and that he admitted "the factual allegations which form[ed] the basis for the charges in the indictment."  Decision I at 3.  The state court was free to credit petitioner's statements at his plea allocution, and this court cannot say that decision was contrary to or an unreasonable application of Supreme Court precedent. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [during a plea colloquy] carry a strong presumption of verity."); *United States v. Hernandez*, 242 F.3d 110, 112-13 (2d Cir. 2001) (finding that habeas petitioner's claim of ineffective assistance of counsel in regard to plea agreement and plea hearing failed on the merits where petitioner's allegations contradicted his plea allocution statements); *Baker v. Murray*, 460 F. Supp. 2d 425, 433 (W.D.N.Y. 2006) ("petitioner has not provided credible evidence that would justify overlooking his statements under oath that he was choosing to plead guilty of his own accord."); *Gomez v. Duncan*, No. 1:02-CV-0846, 2004 WL 119360 at *19 (S.D.N.Y. Jan. 27, 2004) ("This Court may credit [petitioner's] statements at the plea allocution-that his guilty plea was voluntary and not the result of any threats or promises-over his later allegations of coercion.") (record citations omitted; citing cases), *aff'd* 317 F. App'x. 79 (2d Cir. 2009). Although petitioner argues that his statement to police contradicted the statements of the

---

[4] To the extent petitioner requests an evidentiary hearing, that request is denied. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. If the record refutes the petitioner's factual allegations or "otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* The record in this case shows that petitioner could not develop facts at an evidentiary hearing that, if true, would entitle him to habeas relief.

prosecutor's witnesses, that claim is not based on new information that was unavailable at the time of his plea.  *See* Dkt. No. 7-1, Mem. at 1-6.  Since petitioner has not produced any new evidence that he is actually innocent, there is no basis to conclude that the failure to consider the merits of his defective jurisdiction claims would result in a fundamental miscarriage of justice.  *House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Accordingly, petitioner's defective jurisdiction claim (Ground One) is procedurally defaulted and dismissed.[5]

**B.  Petitioner's claims that his guilty plea was induced by threats and misinformation, and by ineffective assistance of counsel**

Petitioner claims in Grounds Two, Three and Four of his petition that his guilty plea was induced by threats made by his counsel, and that counsel's advice to plead guilty was based upon misinformation or ineffectiveness.  Pet. at 7-8.  Specifically, petitioner claims that counsel told him he could be convicted based upon only his statements to police, that he faced fifteen years in prison if he rejected the plea offer and was indicted, and that prison time petitioner owed on a parole violation would run concurrently to his sentence for

---

[5] Even if these claims were not procedurally defaulted, no habeas relief would issue.  Petitioner's guilty plea forecloses the court's consideration of his claims that he was denied a felony preliminary hearing and the right to have his case presented to the grand jury.  *Tollett v. Henderson,* 411 U.S. 258, 266 (1973); *Walter v. Superintendent*, No. 9:06-CV-0128, 2008 WL 4163122 at *13 (N.D.N.Y. Sept. 4, 2008).  Additionally, these claims are not cognizable because state defendants have no federal constitutional right to be tried for a felony only upon a grand jury indictment.  *See Campbell v. Poole*, 555 F. Supp. 2d 345, 377 (W.D.N.Y. 2008) ("The Fifth Amendment right to be tried for a felony only upon a grand jury indictment was not incorporated by the Due Process Clause of the Fourteenth Amendment, and therefore does not pertain to the states.") (citing *Hurtado v. California*, 110 U.S. 516 (1884)).  Petitioner's claims are also meritless.  He waived his right to a felony hearing, and his right to have his case presented to a grand jury, in writing on July 13, 2009, and again in open court on August 12, 2009, and agreed to have his case transferred to the Oneida County Superior Court in order to take advantage of the plea offer.  Nebush Letter; MOU.  To the extent that petitioner claims that the waiver was invalid because it was signed in his attorney's office in violation of section 195.20 of the Criminal Procedure Law, that claim is not cognizable because habeas relief does not lie for errors of state law.  *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) (it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts" (emphasis in original)) (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

attempted burglary.  Pet. at 8, Grounds Two and Three.  He further asserts that counsel

advised him to plead guilty even though a felony hearing was still pending in Rome City

Court.  *Id.,* Ground Four.  Petitioner states that counsel put his own interests above

petitioner's by advising him to plead guilty without investigating his version of events, and by

attacking his credibility, and argues that had counsel conducted an investigation, he would

have discovered that there was no evidence petitioner committed a burglary.  *Id.* at 8, Ground

Three; Mem. at 1-12; Supp. Mem. at 1-3; Reply Brief at 1-3; Supp. Reply at 1-6.

Petitioner raised these claims in his second section 440 motion, and the state court

rejected them pursuant to CPL § 440.10(2)(b), an adequate and independent state court

ground.  *Holland,* 45 F. App'x. at 20.  Additionally, petitioner did not seek leave to appeal the

denial of the second section 440 motion in the Appellate Division.  Dkt. No. 14, Ex. M.

Therefore, he did not present these claims to the highest state court capable of reviewing

them, and they are unexhausted. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (explaining

that substantive exhaustion requires that a petitioner "fairly present" each claim for habeas

relief in "each appropriate state court (including a state supreme court with powers of

discretionary review), thereby alerting that court to the federal nature of the claim.") (quoting

*Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S.

270, 275 (1981)).

Petitioner cannot now seek leave to appeal the denial of his second section 440

motion in the Appellate Division, because he was required to do so within thirty days after

service of the court's order denying his motion.  CPL §§ 450.15(1); 460.10 (4)(a); *Sumpter v.

Sears*, No. 1:09-CV-0689, 2012 WL 95214, at *2 (E.D.N.Y. Jan. 12, 2012).  Although he

could arguably file another section 440 motion in an attempt to properly exhaust these claims,

that motion would again be met by section 440.10(2)(b), and by section 440.10(3)(b), which provides that a court may deny a motion to vacate where the grounds raised were previously determined on the merits in a prior motion.  *See Soto v. Portuondo*, No. 1:02-CV-0028, 2004 WL 2501773, at *5 (E.D.N.Y. Nov. 5, 2004) (alluding to section 440.10(3)(b) as a procedural bar).  Based upon the state court's decisions rejecting petitioner's previous section 440 motions, there is no reason to believe the outcome would be any different.

Accordingly, petitioner's claims may be deemed exhausted[6] for purposes of this action, but they are also procedurally defaulted absent a showing of good cause for the default and actual resulting prejudice, or that the denial of habeas relief would leave unremedied a fundamental miscarriage of justice.  *Calderon*, 523 U.S. at 559; *Sweet*, 353 F.3d at 141. Petitioner has not established cause for his failure to seek review of his claims on direct appeal, or for his failure to seek leave to appeal the denial of his second section 440 motion. His claims that he did not know a timely notice of appeal had been filed, and that he did not appeal the denial of his second 440 motion because he did not understand how to properly raise his claims, are insufficient to establish cause.  *Washington v. James*, 996 F.2d 1442, 1447 (2d Cir.1993) ("Ignorance or inadvertence will not constitute 'cause.'"); *Moore v. New York*, 378 F. Supp. 2d 202, 207 (W.D.N.Y. 2005) (same).

---

[6] There is authority for the proposition that courts may not properly "deem" section 440 motions exhausted if the petitioner never sought leave to appeal the denial of the motion in light of the Second Circuit's decision in *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990). *See Quintana v. McCoy*, 1:03-CV-5747, 2006 WL 300470 at *5 (S.D.N.Y. Feb. 6, 2006).  But this court is persuaded that the Supreme Court's decision in *Coleman v. Thompson*, 501 U.S. 722 (1991), decided after the Second Circuit's decision in *Pesina*, makes clear that federal courts are to determine whether an avenue of appeal regarding a habeas claim is available to a petitioner under state law, and therefore whether a petitioner's request for review of that claim by a state court would be futile.  *See Thomas v. Greiner*, 111 F. Supp. 2d 271, 278 (S.D.N.Y. 2000) (holding that "[i]n order to comply with *Coleman*, the federal courts must at some point do what *Pesina* declined to do -'declare as a matter of state law that an appeal ... is unavailable'") (quoting *Pesina*); *DeVito v. Racette*, No. 1:91-CV-2331, 1992 WL 198150, at *5 (E.D.N.Y. Aug. 3, 1992) (observing that "*Coleman* appears to put to rest *Pesina's* concern that federal courts lack the 'authority' to declare claims procedurally defaulted at the state level") (citing *Pesina* ).

Since petitioner has failed to establish cause, the court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated.  *Murray,* 477 U.S. at 496; *Stepney,* 760 F.2d at 45.  And, as previously noted, petitioner also has not produced any new evidence that he is actually innocent.  Therefore, there is no basis to conclude that the failure to consider the merits of the claims set forth in Grounds Two through Four of the petition would result in a fundamental miscarriage of justice.  *House*, 547 U.S. at 536-39; *Schlup*, 513 U.S. at 327.  Accordingly, these claims are procedurally defaulted and are dismissed.[7]

## III.    CONCLUSION

---

[7]  Even if these claims were not procedurally defaulted, the state court's decision denying petitioner's second section 440 motion was not an unreasonable application of clearly established Supreme Court precedent. Petitioner's claims that counsel failed to conduct an adequate investigation is foreclosed from habeas review by virtue of his guilty plea because that claim does not relate to the nature of counsel's advice to plead guilty. Tollett, 411 U.S. at 266; *see Smith v. Burge*, No. 1:03-CV-8648, 2005 WL 78583 at *7-8 (S.D.N.Y. Jan. 12, 2005) (guilty plea foreclosed habeas review of claim that trial counsel failed to raise a defense prior to petitioner's plea). Further, "[t]o establish ineffective assistance of counsel 'a defendant must show both deficient performance by counsel and prejudice.'" *Premo*, 131 S. Ct. at 739 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  In the context of a guilty plea, a petitioner must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo*, 131 S. Ct. at 743 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Contrary to petitioner's arguments, it is "not coercion if a defendant pleads guilty to avoid a harsher sentence." *Spikes v. Graham*, No. 9:07-CV-1129 (DNH/GHL), 2010 WL 4005044, at *7 (N.D.N.Y. July 14, 2010), *adopted by* 2010 WL 3999474 (N.D.N.Y. Oct. 12, 2010) (citing *Brady v. United States*, 397 U.S. 742, 752-53 (1970)); *Gomez*, 2004 WL 119360 at *20 ("Every defendant involved in plea negotiations suffers the threat of conviction (often of greater charges or with a greater penalty), and must face such difficult choices.") (internal quotation marks omitted).

Petitioner was charged with one count of second degree burglary, a class C violent felony, for which counsel correctly informed him that, as a second violent felony offender, he faced a possible maximum sentence of fifteen years in prison. N.Y. PENAL LAW §§ 140.25 (2); 70.02(1)(b); 70.04 (3)(b).  Counsel negotiated a plea agreement that reduced the charge to an attempted second degree burglary, a class D violent felony, and negotiated a determinate term of five years in prison. *See* N.Y. PENAL LAW §§ 70.02 (1)(c); 70.04 (3)(c)  Petitioner has not presented any evidence demonstrating that counsel's advice to accept this plea fell below an objective standard of reasonableness. *Premo*, 131 S. Ct. at 740.  His dissatisfaction with the ultimate sentence imposed "is not a valid basis on which to find that his counsel was ineffective." *Ariola v. LaClair*, No. 9:07-CV-0057, 2008 WL 2157131, at *16 (N.D.N.Y. Feb. 20, 2008); *see United States v. Garguilo*, 324 F.2d 795, 797 (2d Cir. 1963) ("A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence.").

**WHEREFORE**, based upon the foregoing, it is

**ORDERED** that the petition for a writ of habeas corpus, Dkt. No. 1, is **DENIED** in its entirety and **DISMISSED**; and it is

**ORDERED** that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[8]

**IT IS SO ORDERED.**

Dated:          September 10, 2012
                SYRACUSE, NY

Hon. Glenn T. Suddaby
U.S. District Judge

---

[8] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation") (citation omitted)).

15